**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02508-REB

LOUIS C. APODACA,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY**
**DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed September 21, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he was disabled as a result of non-ischemic cardiomyopathy,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

a history of a left humerus fracture, osteoarthritis of the right knee, plantar fasciitis, depression, anxiety, and personality disorder. After his applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on July 7, 2011. At the time of the hearing, plaintiff was 54 years old. He has a GED and past work experience as custodian, construction worker, and sheet metal worker. He has not engaged in substantial gainful activity since January 1, 2009, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light work limited to the ability to understand, remember, and carry out no more than simple instructions. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous

2

work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work

> in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff presents four distinct arguments in this appeal.  Because I find that the ALJ committed legal error in failing to account for the effect of all plaintiff's mental impairments in his determination of plaintiff's residual functional capacity, I decline to address the remaining arguments.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand."); *accord Gorringe v. Astrue*, – F.Supp.2d –, 2012 WL 4510715 at *5 (D. Colo. Sept. 30, 2012); *Barthel, ex rel. T.M.B. v. Astrue*, 2009 WL 2476601 at *10 (W.D. Okla. Aug. 11, 2009).

At steps 2 and 3 of the sequential evaluation, the ALJ found that plaintiff's mental impairments caused moderate difficulties in maintaining concentration, persistence, and pace.  In fashioning plaintiff's residual functional capacity at step 4, however, the ALJ found that plaintiff's was limited only insofar as he could understand, remember, and carry out simple instructions.  (Tr. 14.)  This limitation was ostensibly based on the opinion of the psychological consultative examiner, Dr. David Diffee, to which the ALJ claimed he assigned "substantial weight."  (Tr. 18; *see also* Tr. 377-378.)  The ALJ further noted that his opinion also was consistent with that of the state agency's reviewing psychologist, Dr. Kim Morris.  (Tr. 18-19, 94-95.)

There are at least two problems with the ALJ's conclusion in this regard. First, it does not adequately account for the degree of limitation suggested by either Dr. Diffee or Dr. Morris. Although Dr. Diffee did suggest that plaintiff would be limited to understanding and remembering "the most simple directions or instructions," his opinion went further:

> I do not think that he could sustain concentration or persistence for very long if the job was at all repetitive. I think his social interactions would be okay, but I do not think his adaptability to various kinds of tasks would be easy for him.

(Tr. 378.) Similarly, Dr. Morris also found that plaintiff would be moderately limited in his ability to respond appropriately to changes in the work setting. (Tr. 95.)

The ALJ did not account for these limitations at all in his residual functional capacity determination. Although residual functional capacity ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. §§ 404.1546 & 416.946; **Rutledge v. Apfel**, 230 F.3d 1172, 1175 (10th Cir. 2000), it still must be grounded in some medical evidence, *see **Anderson v. Shalala***, 51 F.3d 777, 779 (8th Cir. 1995), and "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted," **Social Security Ruling** 96-8p, 1996 WL 374184 at *7 (SSA July 2, 1996). More specifically, with respect to nonexertional capacity, the ALJ must explain how the claimant's limitations impact work-related mental activities, including "the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a

routine work setting." *Id.* at *6. By failing to discuss the findings of the two medical sources on which he ostensibly relied regarding these issues, the ALJ committed reversible error. **See** *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Nor am I convinced by the Commissioner 's argument that the determination of a claimant's limitations in one or more of the categories relevant to determining the severity of mental impairments at steps 2 and 3 has no bearing on the subsequent steps of the sequential evaluation. Several courts in this district have found this interpretation to be inconsistent with the law of the Tenth Circuit. **See, e.g.**, *Gorringe*, 2012 WL 4510715 at *3-4; *Baysinger v. Astrue*, 2012 WL 1044746 at *6 (D. Colo. March 28, 2012); *McLeran v. Astrue*, 2010 WL 4318579 at *6 (D. Colo. Oct. 25, 2010). I concur with these precedents. The inquiry undertaken at steps 4 and 5 is not divorced from the analysis at prior steps, but rather builds and expands on it, creating an even more precise and detailed picture of the claimant's specific limitations. **See Social Security Report** 96-8p, 1996 WL 374184 at *4 ("The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].").

Moreover, simply limiting a claimant to unskilled work or work requiring no more than the ability to understand, remember, and carry out simple instructions (as was done here), does not adequately account for a finding that the same claimant has at

7

least moderate impairments in the ability to maintain concentration, persistence, and pace. Simple work may be ruled out on the basis of an impairment in concentration and attention, and even moderate impairments may erode the occupational base for unskilled work.  *See Bowers v. Astrue*, 271 Fed. Appx 731, 733-34 (10th Cir. March 26, 2008); *Wiederholt v. Barnhart*, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005).  By failing to more precisely quantify and describe these limitations, the ALJ's hypothetical to the vocational expert did not correlate with adequate precision to all plaintiff's impairments so as to constitute substantial evidence in support of the Commissioner's burden of proof at step 5.  *See  Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).  *See also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619-20 (7th Cir. 2010); *Ealy v. Commissioner of Social Security*, 594 F.3d 504, 516-17 (6th Cir. 2010).  That determination therefore must be reversed.[3]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Reevaulate plaintiff's residual functional capacity, including, but not limited to, the effect thereon of plaintiff's moderate limitations in maintaining concentration, persistence, and pace, as well as considering the other moderate limitations supported by the medical evidence of record as set forth herein;

---

[3] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

      b.      Recontact any treating, examining, or reviewing sources for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative or other examinations, or otherwise further develop the record as she deems necessary;

      c.      Reevaluate his determination at steps 4 and 5 of the sequential evaluation; and

      d.      Reassess the disability determination.

Dated May 3, 2013, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge