**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02508-REB

LOUIS C. APODACA,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S
FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

**Blackburn, J.**

The matter before me is plaintiff's **Petition for Fees Under 28 U.S.C. § 2412** [#20],[2] filed July 9, 2013. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying disability insurance benefits and supplemental security income benefits. I found that the ALJ committed legal error in failing to account for the effect of all plaintiff's mental impairments in assessing his residual functional capacity. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[3]  As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. **Id**., 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2.  For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified.  **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

---

[3] The parties apparently stipulate that plaintiff is a prevailing party for purposes of the EAJA.  **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

The Commissioner bears the burden of demonstrating that her position was substantially justified. ***Gilbert***, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden of demonstrating that her position "during the entirety of the civil action" was substantially justified. Rather, she has so narrowly construed the basis for my determination as to essentially mischaracterize the grounds on which remand was ordered. It should be clear from my opinion that I did not determine that remand was warranted because the ALJ failed to include the paragraph B criteria relevant to steps 2 and 3 of the sequential evaluation in his step 4 assessment of plaintiff's mental residual functional capacity.[4] Instead, I concluded that the ALJ committed legal error in purporting to afford substantial weight to certain medical source opinions of record, but then failing to either adopt all limitations suggested by those

---

[4] The Commissioner's citation to ***Beasley v. Colvin***, 520 Fed. Appx. 748 (10th Cir. April 10, 2013) for the proposition that the Tenth Circuit has found her position reasonable is unpersuasive. The court's holding there was that there was no requirement that the residual functional capacity assessment mirror the step 3 findings. ***Id.***, at 754 n.3. That holding does not mean, however, that the ALJ's step 4 assessment may be totally divorced – without explanation – from his prior determination of the nature and severity of the claimant's impairments, which was the basis on which remand was granted here.

sources in his residual functional capacity assessment or otherwise explain why he did not. *See Apodaca v. Colvin*, 2013 WL 1876758 at *3-4 (D. Colo. May 3, 2013). The Commissioner therefore has failed to meet her burden of proof on the issue of substantial justification. Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $7,607.78 for 41.9 hours of work on this litigation. His request includes a request for an increase in the statutory rate to $181.57 per hour as a cost-of-living adjustment. (*See* **Motion App.**, Exh. 1 [#20-1], field July 9, 2013.)

> Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA. By providing in the statute for a COLA, Congress intended that such an adjustment be seriously considered in EAJA applications. In view of the fact that the purpose of EAJA is to remove financial barriers to challenging wrongful government action, it would undermine the purpose of the statute to deny plaintiff's request for a COLA.

*Greenhill v. United States*,. 96 Fed. Cl. 771, 783 (Fed. Cl. 2001) (internal citations omitted). *See also Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *see also Payne v. Sullivan*, 977 F.2d 900, 903 & n.2 (4th Cir. 1992). Although my own experience suggests that this requested adjustment results in fees that are somewhat higher than awards I have approved under the EAJA in similar cases,[5] the Commissioner presents no argument that the enhanced hourly rate requested by

---

[5] At the statutory rate of $125 per hour, *see* 28 U.S.C. § 2412(d)(2)(A)(ii), counsel's expenditure of 41.9 hours would result in a total award of $5,237.50, which is more in line with typical awards in these kinds of cases. *See, e.g.*, *Ogden v. Astrue*, 2012 WL 2741557 at *2 (D. Colo. July 9, 2012) (award of $4,952.25); *King v. Astrue*, 2010 WL 5313788 at *2 (D. Colo. Dec. 20, 2010) (award of $6,361.00); *Myers v. Astrue*, 2010 WL 2653306 at *2 (D. Colo. July 1, 2010) (award of $5,958.21). *But see Tanh v. Astrue*, 2011 WL 3809915 at *1 (D. Colo. Aug. 29, 2011 (award of $7,092.00 based on cost-of-living increase of hourly rate to $180).

plaintiff's counsel is excessive or that the total amount of time expended or fees requested are otherwise unreasonable.[6]  I therefore find and conclude that plaintiff is entitled to the entirety of his requested fees.[7]

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Petition for Fees Under 28 U.S.C. § 2412** [#20], filed July 9, 2013, is **GRANTED**; and

2.  That pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is **AWARDED** $7,607.78 in attorney fees.

Dated April 1, 2014, at Denver, Colorado.

                                          **BY THE COURT:**

*signature: Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[6] Moreover, in the absence of any objection to plaintiff's calculation of the applicable hourly rate, I do not consider whether his requested rate is an appropriate calculation under the applicable formula. ***See Greenhill***, 96 Fed. Cl. at 784.

[7] The Commissioner points out that an award of fees under the EAJA must be made to the prevailing party himself, and not his attorney, ***see Manning v. Astrue***, 510 F.3d 1246, 1249-55 (10th Cir. 2007), ***cert. denied***, 129 S.Ct. 486 (2008), and plaintiff does not argue otherwise.